# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Detention of: | No.  54373-7-II |
| D.A. | |
| Appellant. | UNPUBLISHED OPINION |

LEE, C.J. — D.A. appeals the superior court's involuntary commitment and medication orders.  D.A. argues that the superior court violated his right to due process by denying him the right to be meaningfully heard.  Specifically, D.A. argues the superior court "skipped over" opening statements and closing arguments.  Br. of Appellant at 1.  We affirm the superior court's orders.

## FACTS

On October 18, 2019, the State filed a petition for 180 days of involuntary commitment. D.A. stipulated that he was gravely disabled and to a 90-day commitment.  Based on the stipulations, the superior court entered an order for 90 days of involuntary commitment.

On January 16, 2020, the State filed a second petition for 180 days of involuntary commitment.  The petition alleged that D.A. was gravely disabled.  The State also filed a petition for involuntary medication.

The superior court heard both petitions in separate proceedings on January 23.  In both proceedings, the State presented evidence from D.A.'s treatment professionals.  D.A. also testified in both proceedings.

In the hearing on the 180-day involuntary commitment petition, D.A. explained that he could leave the hospital and go to a shelter. He also testified that the shelter could help him arrange for his social security benefits. D.A. said he also hoped the shelter would be able to help find long-term housing. And D.A. explained why he did not like the feeling of taking antipsychotic drugs. D.A. also testified that he would pray and that he would not hurt anybody. In the hearing on the involuntary medication petition, D.A.'s testimony became disorganized, difficult to understand, and unrelated to the matter before the court.

There were no opening statements or closing arguments made during the hearing on the 180-day involuntary commitment petition or the involuntary medication petition. The superior court did not mention opening statements or closing arguments during either hearing, nor did any party ask to present opening statements or closing arguments in the hearings on either petition.

The superior court found that D.A. continued to be gravely disabled and ordered 180 days of involuntary commitment. The superior court also ordered treatment with involuntary medication.

D.A. appeals.

ANALYSIS

D.A. argues that his due process right to be meaningfully heard was denied because he did not have the benefit of counsel's arguments.[1] We disagree.

Under RCW 71.05.310, civil commitment hearings "shall in all respects accord with the constitutional guarantees of due process of law and the rules of evidence." "[D]ue process is a

---

[1] D.A. alleges a procedural due process violation but fails to cite or discuss the balancing test in *Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), to show due process requires opening and closing arguments.

flexible concept." *In re Det. of Stout*, 159 Wn.2d 357, 370, 150 P.3d 86 (2007). "At its core is a right to be meaningfully heard, but its minimum requirements depend on what is fair in a particular context." *Id.*

Even assuming without deciding that due process includes the right to make an opening statement and present closing argument by counsel in this context,[2] D.A. has not shown that the superior court denied him the opportunity to be heard. There is no evidence in the record that the superior court denied D.A. an opportunity to be heard. The superior court held a full hearing in which D.A. was represented by counsel. Moreover, D.A.'s counsel had opportunity to cross-examine the State's witnesses and to present evidence, including D.A.'s testimony. And counsel could have asked to present opening statements or closing argument, but did not do so.[3]

Moreover, D.A. fails to explain how opening statements and closing arguments would provide a meaningful opportunity to be heard. Opening statements are limited to outlining what evidence a party expects to be presented. 13 WASH. PRAC., CRIMINAL PRACTICE & PROCEDURE §4201 (3rd ed.). Opening statements "may not convey proof by unsworn facts or discuss the law of the case." 13 WASH. PRAC., CRIMINAL PRACTICE & PROCEDURE §4202. Closing arguments allow a party to present their version of the case through arguing reasonable inferences from the

---

[2] RCW 71.05.217(5) provides specific enumerated rights for persons detained for involuntary commitment including the right to have an attorney appointed, to present evidence, and to cross-examine witnesses. D.A. is not alleging that he was denied any right guaranteed under the statute. Furthermore, D.A. is very clear that he is not alleging ineffective assistance of counsel or a violation of the right to counsel under either the statute or Sixth Amendment.

[3] We note that had counsel requested the opportunity to present closing argument and the superior court had refused, that is a different issue. *See e.g.*, *State v. Frost*, 160 Wn.2d 765, 771-73, 161 P.3d 361 (2007) (superior court's decision to limit or restrict criminal defendants' closing argument may violate defendant's constitutional rights), *cert. denied*, 552 U.S. 1145 (2008). But here, the superior court did not take any action that deprived D.A.'s counsel of the opportunity to request or make argument.

evidence and pointing out weaknesses in the opposing party's case. 13 WASH. PRAC., CRIMINAL PRACTICE & PROCEDURE §4501. "Statements made during closing argument are allowed if they are supported by evidence or testimony within the record or reasonable inference therefrom." 13 WASH. PRAC., CRIMINAL PRACTICE & PROCEDURE §4502. And the lawyers' statements during closing argument are not evidence. 11 WASH. PRAC., WASHINGTON PATTERN JURY INSTRUCTIONS—CRIMINAL 1.02.

D.A. implies that opening statements and closing arguments were necessary to provide him with an opportunity to be meaningfully heard because his attorney could have argued what D.A. was incapable of articulating in his testimony. But D.A.'s counsel would have been limited to arguing only the admissible evidence at the hearing. D.A.'s counsel could not have used opening statement or closing argument "to take advantage of the opportunity to be heard that testimony would otherwise provide" by arguing something that was not testified to because opening statements and closing arguments are limited to the evidence admitted at trial. Br. of Appellant at 7. Therefore, D.A. has failed to show how opening statements and closing arguments were required to provide a meaningful opportunity to be heard. D.A.'s due process claim fails.

We affirm.

No. 54373-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Cruser, J.